UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRION CARROLL, | ) |
|     Petitioner, | ) |
| v. | )   Case No. 4:08CV1700 HEA |
| MICHAEL BOWERSOX, | ) |
|     Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation, of Magistrate Judge Thomas C. Mummert, III that Brion Carroll's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1], be denied. Petitioner has filed written objections to the Report and Recommendation. When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). Pursuant to 28 U.S.C. § 636, the Court will therefore conduct a *de novo* review of those portions of the Report and Recommendation to which petitioner objects.

### Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §

2254 (AEDPA) applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 409.

## Discussion

The Procedural History and Factual Background are set forth in the Report and Recommendation. Petitioner does not object to the procedural background set forth in Judge Mummert's Report and Recommendation, rather, he objects to Judge Mummert's conclusions of law as applied to the facts as found by the state court. The objections, however, are without merit.

Petitioner does not object to Judge Mummert's conclusions that Grounds Three and Four of his Petition are procedurally barred. Accordingly, the Court will adopt, without discussion, Judge Mummert's well explained conclusions as to Grounds Three and Four.

As to Ground One of the Petition, Petitioner alleges that the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence on the four Class B felony first-degree assault charges because there was insufficient evidence that Petitioner attempted to kill or cause serious physical injury to those four Victims because the evidence did not establish that he was

aware of the four individuals in the parked car.

While the Court is required to review the record *de novo*, this review is limited in scope. The Court is not at liberty to substitute its rulings for those of the state court. The standard by which the Court reviews the record on a habeas petition, as set forth above, is that relief may only be granted if the decision by the state court (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

Petitioner argues that under *Jackson v. Virginia*, 443 U.S. 307 (1979), he was denied due process. Focusing on the State Court's discussion of whether Petitioner was likely aware of the presence of those who he was charged with attempting to kill, Petitioner argues that the standard used by the State Court was a misapplication of the law. Petitioner attempts to equate "should have known" with the appropriate standard used by the State Court, *i.e.*, that he was "likely" to have known of the presence of the other victims in the car. While Petitioner is correct that the *Whalen* Court, *State v. Whalen*, 49 S.W.3d 181, noted that "[t]o the extent that *Stewart* or *Macone* suggest that a 'should have known' standard is

- 4 -

sufficient, they should no longer be followed. Petitioner's unexplained use of "should have know" interchangeably with "likely" fails to recognize a crucial distinction.

Judge Mummert's Report and Recommendation carefully considers the State Court"s decision under the appropriate standard: considering evidence in the light most favorable to the prosecution, and deferring to the trial judge's resolution of any conflicts in favor of the prosecution.  The evidence was sufficient to support each of the felony offenses' elements, even if Petitioner was not actually aware of the presence of the four individuals in the car.  Neither the State Court nor Judge Mummert examined the evidence under a "should have known" standard, rather, the State Court determined that the evidence sufficiently established that a reasonable jury could conclude that Petitioner was aware of the likely presence of the men.   This determination, as Judge Mummert carefully discussed, was neither contrary to, nor an unreasonable application of federal law.

As Ground Two of the Petition, Petitioner contends his trial counsel was ineffective in failing to effectively cross examine Detective Wheeler regarding the identification procedure used in this case.

A petitioner's claim that counsel's assistance was so defective as to require reversal of a conviction has two components.  First, Petitioner must show that

counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, Petitioner must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive Petitioner of a fair trial, a trial whose result is reliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* --- U.S. ----, 126 S.Ct. 221 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to

"eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that Petitioner show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

Taken together, AEDPA and *Strickland* establish a "doubly deferential standard" of review. *Cullen v. Pinholster,* ——U.S. ——, 131 S.Ct. 1388, 1410, 179 L.Ed.2d 557 (2011) (internal quotation omitted). Under *Strickland,* the State Court must make a predictive judgment about the effect of the alleged deficiencies of counsel on the outcome of the trial, focusing on whether it is "reasonably likely" that the result would have been different absent the errors. *Strickland,* 466 U.S. at 696, 104 S.Ct. 2052. The *Strickland* prejudice standard is less demanding than a more-probable-than-not standard, but the difference is "slight and matters

only in the rarest case." *Harrington v. Richter,* ––– U.S. ––––, 131 S.Ct. 770, 792, 178 L.Ed.2d 624 (2011) (internal quotation omitted). To satisfy *Strickland,* the likelihood of a different result must be "substantial, not just conceivable." *Id.* Under AEDPA, the Court must give substantial deference to the state court's predictive judgment.

In reviewing whether the State Court's decision involved an unreasonable application of clearly established federal law, the Court examines the ultimate legal conclusion reached by the Court, *id.* at 784, not simply the statement of reasons explaining the State Court's decision. *See Gill v. Mecusker,* 633 F.3d 1272, 1291–92 (11th Cir.2011) *Wright v. Sec'y for Dep't of Corr.,* 278 F.3d 1245, 1255 (11th Cir.2002); *Neal v. Puckett,* 239 F.3d 683, 696 (5th Cir.2001); *Hennon v. Cooper,* 109 F.3d 330, 335 (7th Cir.1997).  At least where there is no "conspicuous misapplication of Supreme Court precedent" that makes the state court's decision "contrary to" clearly established law, *Wright,* 278 F.3d at 1256 n. 3, the proper question is whether there is "any reasonable argument" that the State Court's judgment is consistent with *Strickland. Richter,* 131 S.Ct. at 788; *see Premo v. Moore,* ––– U.S. ––––, 131 S.Ct. 733, 740, 178 L.Ed.2d 649 (2011).  If the State Court "reasonably could have concluded that [the petitioner] was not prejudiced by counsel's actions," then federal review under AEDPA is at an end.

*Moore,* 131 S.Ct. at 744.  *Williams v. Roper,* 695 F.3d 825, 831 -832 (8th Cir. 2012).

As Judge Mummert's Report and Recommendation details, the State Appellate Court fount that there was substantial direct and circumstantial evidence, other than the questioned identification of Petitioner's guilt.  Moreover, the State Appellate Court determined that the procedure was not unduly suggestive due to Missouri case law concluding that it is proper to tell a witness that a picture of a suspect is in the photo array.  In light of the evidence supporting the finding of Petitioner's guilt, counsel's failure to cross examine Detective Wheeler either about his failure to use a blinded examiner or his failure to mention to Fister that the lineup may or may not include a picture of the perpetrator was does not satisfy the *Strickland* standard.

The Court agrees that this finding is not contrary to, nor was it an unreasonable application of federal law.  Under the *Strickland* standard, the Court must ascertain whether counsel's actions, which are presumed to be within the wide range of reasonable professional assistance, are such that he was not acting as "counsel," *and* whether, but for counsel's action or inaction, the outcome of the trial would have been different.  Neither can be shown here.  Counsel's lack of cross-examination cannot be found to be ineffective.  Petitioner cannot demonstrate that the outcome of the trial would have be different had counsel

cross examined Detective Wheeler. Petitioner's objection is overruled.

## Conclusion

This Court has conducted a *de novo* review of those portions of the Report and Recommendation to which Petitioner objects.  The Court has reviewed the trial record, the Missouri court rulings, opinions and decisions.  It has further reviewed all pleadings, motions and memoranda before it.   The Court finds that the Report and Recommendation sets forth a very thorough and correct analysis of the issues raised in the Petition.  Petitioner's objections to the Report and Recommendation are without merit and are denied in their entirety.  The Court will adopt the Recommendation of Judge Mummert that the Petition be denied.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).   This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right.  A Certificate of

Appealability will therefore not be issued.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition of Brion Carroll for Writ of Habeas Corpus, [Doc. No. 1], pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 15th day of July 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE